```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

```
PAUL M. SMITH,                    :
                                  :   Civ. A. No. 10-5723 (NLH)(AMD)
            Plaintiff,            :
                                  :
      v.                          :
                                  :   OPINION
JOHN A. KROESEN and               :
MARK COOLEY, et al.,              :
            Defendants.           :
```

**APPEARANCES:**

DOMINIC ROMAN DEPAMPHILIS
D'AMATO LAW FIRM PC
2900 FIRE ROAD, SUITE 200
EGG HARBOR TOWNSHIP, NJ 08234
     On behalf of plaintiff

CLARK B. LEUTZE
MARGOLIS EDELSTEIN
100 CENTURY PARKWAY
SUITE 200
MOUNT LAUREL, NJ 08054
     On behalf of defendant Mark Cooley

**HILLMAN, District Judge**

Presently before the Court is the motion of defendant, Mark Cooley, for summary judgment in his favor on the claims of plaintiff, Paul Smith, that defendant is liable for injuries plaintiff sustained while playing in a rugby match. For the reasons expressed below, defendant's motion will be continued until the Court's subject matter jurisdiction has been properly established.

**BACKGROUND & DISCUSSION**

On April 10, 2010, plaintiff Paul Smith, a member of the

Jersey Shore Sharks rugby team, was playing in a rugby match against Old Gaelic Rugby Football Club, which was coached by defendant Mark Cooley. A rugby match is comprised of two, 40-minute halves, and it is typical to have 70 pile-ups of players and over 100 collisions with other players. During the first half of the match that day, plaintiff and a player from Old Gaelic got into a "ruck," an on-field argument. The two players rolled on the ground, and plaintiff gave the Old Gaelic player a short jab to the ribs. Although the play had moved to the other end of the field, another Old Gaelic player, defendant John Kroesen, saw the ruck and, according to plaintiff, came from behind and intentionally kicked him in the face. Plaintiff sustained a left orbital fracture and a nasal fracture, for which plaintiff underwent surgery.

Plaintiff filed suit against Kroesen claiming that Kroesen's conduct was intentional assault and battery, or at a minimum, grossly negligent. Plaintiff then filed an amended complaint,[1] adding Cooley as a defendant, claiming that Cooley was grossly negligent in his coaching of the Old Gaelic team, and is responsible for plaintiff's injuries caused by Kroesen.[2] Kroesen

---

[1] The Court granted plaintiff's unopposed motion to file an amended complaint. (See Docket No. 8, Nov. 11, 2011.)

[2] Plaintiff also added as defendants the Old Gaelic Rugby Football Club, the Eastern Pennsylvania Rugby Union ("EPRU"), and the Mid-Atlantic Rugby Football Union ("MARFU"), which oversees EPRU. On October 31, 2012, plaintiff dismissed by consent his claims against MARFU. It is unclear whether Old Gaelic and EPRU

2

did not answer plaintiff's complaint, and the clerk has entered default against him.  Plaintiff and Cooley went to arbitration to resolve plaintiff's claims against Cooley, but following the arbitrator's decision, plaintiff sought a trial de novo.  Cooley has now filed for summary judgment on plaintiff's claims against him.  Plaintiff has opposed Cooley's motion.

Prior the resolution of the summary judgment motion, however, this Court's subject matter jurisdiction must be firmly established.  See Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) (citing Carlsberg Res. Corp. v. Cambria Sav. & Loan Assoc., 554 F.2d 1254, 1256 (3d Cir. 1977)) ("Federal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, 'it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits.'").

In his complaint and amended complaint, plaintiff avers that this Court may exercise subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  The citizenship of the parties as stated in plaintiff's original complaint is as follows: plaintiff is a resident of New Jersey and a citizen of the United States, and defendant Kroesen is a resident of Pennsylvania and a citizen

---

were served with the amended complaint; they have not appeared in the action.

3

of the United States.  The citizenship of the parties as stated in plaintiff's amended complaint is as follows: plaintiff is a resident of New Jersey and a citizen of the United States; defendant Kroesen is a resident of Pennsylvania and a citizen of the United States; defendant Old Gaelic Rugby Football Club, Inc. is a corporation incorporated in the state of Pennsylvania with its principal place of business at 712 Bower Road, Shermans Dale, Pennsylvania; defendant Eastern Pennsylvania Rugby Union, Inc. ("EPRU") is a corporation incorporated in the state of Pennsylvania with its principal place of business at P.O. Box 393, Exton, Pennsylvania 19341; and Mid-Atlantic Rugby Football Union, Inc. is a Delaware corporation with its principal place of business at 800 King Street, Wilmington, Delaware.  Plaintiff fails to plead the citizenship of defendant Cooley.

The citizenship of plaintiff and defendants Kroesen, Cooley, and RUEP have not been properly pled.  See 28 U.S.C. § 1332(a)(1).  With regard to the individual parties (plaintiff, Kroesen, and Cooley), the jurisdictional allegations are insufficient.  With regard to Cooley, no jurisdictional facts are pled whatsoever.  As for Kroesen and Cooley, only a state of residency is pled.  To properly invoke diversity jurisdiction, plaintiff must allege and prove citizenship, not residency. Tanzymore v. Bethlehem Steel Corp., 457 F.2d 1320, 1324 n.5 (3d Cir. 1972) ("A naked averment that one is a 'domiciliary' or a

'resident' of a state is insufficient[;]" citing Sun Printing & Publishing Ass'n. v. Edwards, 194 U.S. 377, 382 (1904)); Pennsylvania House, Inc. v. Barrett, 760 F. Supp. 439, 449 (M.D. Pa. 1991) ("Citizenship and residency or domicile are not synonymous for purposes of establishing diversity.  Although a party's residence is prima facie evidence of domicile, residency alone is insufficient to establish jurisdiction on the basis of diversity: two elements are necessary to establish domicile, residency coupled with an intent to continue to remain at that location.").

The jurisdictional allegation regarding the corporate defendant RUE is also deficient for failure to properly allege its principal place of business.  A post office box will not suffice.  Spencer v. Pocono Intern. Raceway, Inc., 2012 WL 2050168, *2 (M.D. Pa. 2012) ("[A] P.O. box may not serve as a principal place of business as it is not where a corporation's officers direct, control, and coordinate the corporation's activities." (citation omitted)).

In light of these deficiencies, the Court cannot determine whether diversity of citizenship exists between the parties so that it may exercise subject matter jurisdiction over the case. See Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374-75 (1978) (explaining that "[i]t is a fundamental precept that federal courts are courts of limited jurisdiction[;] [t]he limits upon federal jurisdiction, whether imposed by the Constitution or

by Congress, must be neither disregarded nor evaded," and that a plaintiff cannot file an amended complaint that would have destroyed diversity if it had been filed originally).

Consequently, plaintiff must provide a certification as to the citizenship of the parties before the case may proceed.[3] McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006) (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936)) ("The party asserting diversity jurisdiction bears the burden of proof.").[4] An appropriate Order will be entered.

Date: <u>November 26, 2013</u>     <u>s/ Noel L. Hillman</u>
At Camden, New Jersey     NOEL L. HILLMAN, U.S.D.J.

---

[3] In addition to the pleading deficiency of the citizenship of RUEP, it is not clear whether plaintiff has intended to abandon his claims against RUEP, as well as Old Gaelic Rugby Football Club. See note 2. Plaintiff shall express his intentions regarding these defendants in his certification.

[4] The parties are reminded that they "may not confer subject matter jurisdiction by consent." Samuel-Bassett v. KIA Motors America, Inc., 375 F.3d 392, 396 (3d Cir. 2004). The parties are obligated to advise the Court if subject matter jurisdiction is lacking.