UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL M. SMITH, : | |
| : | Civ. A. No. 10-5723 (NLH)(AMD) |
| Plaintiff, : | |
| v. : | |
| : | OPINION |
| JOHN A. KROESEN and : | |
| MARK COOLEY, et al., : | |
| Defendants. : | |

**APPEARANCES:**
DOMINIC ROMAN DEPAMPHILIS
D'AMATO LAW FIRM PC
2900 FIRE ROAD, SUITE 200
EGG HARBOR TOWNSHIP, NJ 08234
    On behalf of plaintiff

**HILLMAN**, District Judge

Presently before the Court is the motion of plaintiff, Paul Smith, for default judgment to be entered against defendant, John A. Kroesen, for injuries plaintiff sustained while playing in a rugby match. For the reasons expressed below, plaintiff's motion will be denied without prejudice.

BACKGROUND

On April 10, 2010, plaintiff Paul Smith, a member of the Jersey Shore Sharks rugby team, was playing in a rugby match against Old Gaelic Rugby Football Club. According to plaintiff's amended complaint, Old Gaelic player, defendant John A. Kroesen, intentionally and without plaintiff's consent, engaged in contact with plaintiff, causing him injuries.

Plaintiff filed suit against Kroesen claiming that Kroesen's conduct was intentional assault and battery, or at a minimum, grossly negligent. Plaintiff then filed an amended complaint, adding Old Gaelic's coach, Mark Cooley, as a defendant, claiming that Cooley was grossly negligent in his coaching of the Old Gaelic team, and was responsible for plaintiff's injuries caused by Kroesen. Kroesen did not answer plaintiff's complaint, and the clerk entered default against him. Plaintiff and Cooley went to arbitration to resolve plaintiff's claims against Cooley, but following the arbitrator's decision, plaintiff sought a trial de novo. Cooley filed summary judgment on plaintiff's claims against him, and the Court granted Cooley's motion. In that decision, the Court noted that plaintiff's only remaining claim in this case was against Kroesen, and ordered plaintiff to commence prosecution of his claim against Kroesen, or the matter would be closed for lack of prosecution. Plaintiff has now filed a motion for default judgment against Kroesen.

## DISCUSSION

**A.   Subject Matter Jurisdiction**

This Court may exercise subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. Plaintiff is a citizen

of New Jersey; defendant Kroesen is a citizen of Pennsylvania.

## DISCUSSION

### A. Default

The first step in obtaining a default judgment is the entry of default.  "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the Clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  The Clerk entered default against Kroesen on January 28, 2011.

### B. Default Judgment

"Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to a file a timely responsive pleading." Chanel v. Gordashevsky, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev., 922 F.2d 168, 177 n.9 (3d Cir. 1990)).  However, a party seeking default judgment "is not entitled to a default judgment as of a right." Franklin v. Nat'l Maritime Union of America, 1991 U.S. Dist. LEXIS 9819, at *3-4 (D.N.J. 1991) (quoting 10 Wright, Miller & Kane, Federal Practice and Procedure § 2685 (1983)), aff'd, 972 F.2d 1331 (3d Cir. 1992).  The decision to enter a default judgment is "left primarily to the discretion of the district

3

court." Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984).

Although every "well-pled allegation" of the complaint, except those relating to damages, are deemed admitted, Comdyne I. Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990), before entering a default judgment the Court must decide whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law," Chanel, 558 F. Supp. 2d at 535 (citing Directv, Inc. v. Asher, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006)). "Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000); United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984). If a review of the complaint demonstrates a valid cause of action, the Court must then determine whether plaintiff is entitled to default judgment.

**C. Analysis**

    **1. Whether plaintiff has stated a cause of action**

In his complaint, plaintiff pleads the following claims

4

against Kroesen:

### Count One – Assault and Battery

4. On April 10, 2010, Plaintiff Paul M. Smith was participating as a player of the Jersey Shore Sharks RFC in a rugby match against Old Gaelic Rugby Football Club.

5. At the aforesaid time and place, Defendant John A. Kroesen was also participating in the aforesaid rugby football match as a player on the Old Gaelic Football Club.

6. At the aforesaid time and place, Defendant John A. Kroesen committed a reckless and/or intentional physical assault and battery upon Plaintiff.

7. The aforesaid physical assault and battery were committed upon Plaintiff without his consent. . . .

9.  As a result of the aforesaid physical assault and battery, Plaintiff suffered injuries requiring medical treatment, was caused pain and suffering, was prevented from pursuing usual activities; and has permanent disabilities that will affect Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant John A. Kroesen for compensatory damages, interest and cost of suit.

### Count Two – Gross Negligence

11. The aforesaid physical impact between Plaintiff and Defendant John A. Kroesen was proximately caused by the gross negligence or otherwise recklessness of Defendant in his participation in the aforesaid rugby match.

12. As a  result of the aforesaid physical impact, Plaintiff suffered injuries requiring medical treatment, was caused pain and suffering, was prevented  from  pursuing  usual  activities;  and

5

>     has permanent disabilities that will affect
>     Plaintiff.
>
>     WHEREFORE, Plaintiff demands judgment against
>     Defendant John A. Kroesen for compensatory
>     damages, interest and cost of suit.

(Amend. Compl., Docket No. 9.)  Plaintiff also asserts a separate count against Kroesen for punitive damages (Count Three).  In order to determine whether plaintiff has stated a valid cause of action against Kroesen, these allegations must be accepted as true and applied to the standards for determining assault and battery and gross negligence claims.[1]

A person is subject to liability for the common law tort of assault if: "(a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) the other is thereby put in such imminent apprehension."  <u>Leang v. Jersey City Bd. of Educ.</u>, 969 A.2d 1097, 1117 (N.J. 2009) (citation omitted).  The tort of battery rests upon a nonconsensual touching.  <u>Id.</u> (citation omitted).

---

[1] Because the Court has resolved plaintiff's claims against the other defendants by way of defendants' motion for summary judgment, the Court is aware of many facts surrounding the April 10, 2010 rugby match and plaintiff's injuries that are not in plaintiff's complaint.  In considering plaintiff's motion for default judgment, unless the Court were to hold a pre-judgment hearing, <u>see</u> Fed. R. Civ. P. 55(b)(2), the Court may only look to plaintiff's complaint to determine whether plaintiff has stated valid claims against Kroesen.

In order to prove that a person acted negligently, the plaintiff must establish: (1) a duty of care owed to the plaintiff by the defendant; (2) that defendant breached that duty of care; and (3) that plaintiff's injury was proximately caused by defendant's breach. Boos v. Nichtberger, 2013 WL 5566694, *4 (N.J. Super. App. Div. Oct. 10, 2013) (citing Endre v. Arnold, 300 N.J. Super. 136, 142 (App. Div. 1997)).  With regard to a claim of gross negligence, "the difference between 'gross' and 'ordinary' negligence is one of degree rather than of quality." Fernicola v. Pheasant Run at Barnegat, 2010 WL 2794074, *2 (N.J. Super. Ct. App. Div. 2010) (quoting Oliver v. Kantor, 122 N.J.L. 528, 532 (Sup. Ct. 1939), aff'd o.b., 124 N.J.L. 131 (E. & A. 1940)).  "Gross negligence refers to behavior which constitutes indifference to consequences." Griffin v. Bayshore Medical Center, 2011 WL 2349423, *5 (N.J. Super. Ct. App. Div. 2011) (citing Banks v. Korman Assocs., 218 N.J. Super. 370, 373 (App. Div. 1987)).

Plaintiff's complaint reveals that plaintiff and Kroesen had physical contact during a rugby match, Kroesen intentionally, recklessly, or negligently perpetrated this contact, plaintiff did not consent to this contact, and plaintiff was injured.  The threadbare, minimal facts pleaded in the amended complaint for plaintiff's claims do not permit the Court to enter judgment in

7

plaintiff's favor, for two reasons.

First, most, if not all, of plaintiff's allegations are conclusions of law that Kroesen, as a party in default, cannot admit to.  See Animal Science Products, Inc. v. China Minmetals Corp., --- F. Supp. 2d ---, 2014 WL 3695329, *46 (D.N.J. 2014) (citation omitted) ("[I]t remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.").  Second, as the Third Circuit Court of Appeals has instructed, when applying the Twombly/Iqbal standard this Court must separate out the mere recitations of the legal elements and determine whether the factual allegations standing alone constitute a plausible claim for relief.  Here, we are unable to do that.

When we strip the complaint of the allegations of the legal elements of the relevant tort, the few actual facts in plaintiff's complaint do not allow us to determine whether the interaction between plaintiff and Kroesen went beyond that which ordinarily occurs in the very physical game of rugby.  We should not be left to speculate or guess – or discern from sources other than the complaint itself - as to the who, what, when, why, and how of defendant's alleged tortious conduct.

Consequently, this Court will not enter judgment against a

8

defaulting defendant when the complaint would most likely not survive a Federal Civil Procedure Rule 12(b)(6) challenge for failure to comply with the Twombly/Iqbal pleading requirements.[2] See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citing Bell Atlantic v. Twombly, 550 U.S. 544, 563 n.8 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009)).  The Court will, however, provide plaintiff with one final opportunity to file an amended complaint, serve it on Kroesen, and proceed with the default and default judgment process of Rule 55 if Kroesen again fails to respond to plaintiff's complaint.  Plaintiff shall have thirty days to file and serve a second amended complaint on Kroesen which provides the factual clarity and specificity required by Twombly and Iqbal.  If plaintiff chooses not to do so, plaintiff's claims against Kroesen will be dismissed, and the matter will be closed.

    An appropriate Order will be entered.


Date: October 23, 2014              s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

---

[2] Additionally, in his motion for default judgment, plaintiff does not provide any specific demand for compensatory damages, and he does not provide any documentation for the Court to consider in assessing the proper award for damages.