UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
PAUL M. SMITH,                 :
                               :   Civ. A. No. 10-5723 (NLH)(AMD)
              Plaintiff,       :
                               :
              v.               :
                               :   OPINION
JOHN A. KROESEN,               :
                               :
              Defendant.       :
_____
```

**APPEARANCES:**
DOMINIC ROMAN DEPAMPHILIS
D'AMATO LAW FIRM PC
2900 FIRE ROAD, SUITE 200
EGG HARBOR TOWNSHIP, NJ 08234
      On behalf of plaintiff

**HILLMAN**, District Judge

      Presently before the Court is the second motion of
plaintiff, Paul Smith, for default judgment to be entered against
defendant, John A. Kroesen, for injuries plaintiff sustained
while playing in a rugby match.  On April 10, 2010, plaintiff, a
member of the Jersey Shore Sharks rugby team, was playing in a
rugby match against Old Gaelic Rugby Football Club.  According to
plaintiff's complaint, Kroesen, an Old Gaelic player,
intentionally kicked plaintiff in the face with his cleated shoe,
causing him severe injuries.

      Plaintiff filed suit against Kroesen claiming that Kroesen's
conduct was intentional assault and battery, or at a minimum,

grossly negligent.[1]  Kroesen failed to respond to plaintiff's
complaint, and plaintiff moved for default and default judgment.
The Court denied plaintiff's first motion for default judgment,
finding that the threadbare, minimal facts pleaded in the amended
complaint for plaintiff's claims against Kroesen did not permit
the Court to enter judgment in plaintiff's favor.  The Court
permitted plaintiff to file a second amended complaint against
Kroesen, effect proper service of the new complaint, and move for
default and default judgment in the event that Kroesen again
failed to respond.  Following the Court's direction, plaintiff
filed an amended complaint, served Kroesen, who has failed to
respond, and obtained a Clerk's entry of default against Kroesen.
Plaintiff has now moved for default judgment.  For the reasons
expressed below, plaintiff's motion will be granted.

## DISCUSSION

### A.    Subject Matter Jurisdiction

This Court may exercise subject matter jurisdiction over

---

[1] Plaintiff also asserted claims against Old Gaelic's coach, Mark
Cooley, claiming that Cooley was grossly negligent in his
coaching of the Old Gaelic team, and was responsible for
plaintiff's injuries caused by Kroesen.  Plaintiff and Cooley
went to arbitration to resolve plaintiff's claims against Cooley,
but following the arbitrator's decision, plaintiff sought a trial
de novo.  Cooley filed summary judgment on plaintiff's claims
against him, and the Court granted Cooley's motion.  At that
point, the only claims remaining in the case were against
Kroesen.

the action pursuant to 28 U.S.C. § 1332 because there is
complete diversity of citizenship between the parties and the
amount in controversy exceeds $75,000.  Plaintiff is a citizen
of New Jersey; defendant Kroesen is a citizen of Pennsylvania.

<u>**DISCUSSION**</u>

**A.   Default**

The first step in obtaining a default judgment is the entry
of default.  "When a party against whom a judgment for
affirmative relief is sought has failed to plead or otherwise
defend, and that failure is shown by affidavit or otherwise, the
Clerk must enter the party's default."  Fed. R. Civ. P. 55(a).
The Clerk entered default against Kroesen on January 28, 2011,
and again on March 10, 2015 with relation to the second amended
complaint.

**B.   Default Judgment**

"Federal Rule of Civil Procedure 55(b)(2) authorizes courts
to enter a default judgment against a properly served defendant
who fails to a file a timely responsive pleading."  <u>Chanel v.
Gordashevsky</u>, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing
<u>Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev.</u>, 922 F.2d 168,
177 n.9 (3d Cir. 1990)).  However, a party seeking default
judgment "is not entitled to a default judgment as of a right."

3

<u>Franklin v. Nat'l Maritime Union of America</u>, 1991 U.S. Dist. LEXIS 9819, at *3-4 (D.N.J. 1991) (quoting 10 Wright, Miller & Kane, Federal Practice and Procedure § 2685 (1983)), <u>aff'd</u>, 972 F.2d 1331 (3d Cir. 1992). The decision to enter a default judgment is "left primarily to the discretion of the district court." <u>Hritz v. Woma Corp.</u>, 732 F.2d 1178, 1180 (3d Cir. 1984).

Although every "well-pled allegation" of the complaint, except those relating to damages, are deemed admitted, <u>Comdyne I. Inc. v. Corbin</u>, 908 F.2d 1142, 1149 (3d Cir. 1990), before entering a default judgment the Court must decide whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law," <u>Chanel</u>, 558 F. Supp. 2d at 535 (citing <u>Directv, Inc. v. Asher</u>, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006)). "Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." <u>Chamberlain v. Giampapa</u>, 210 F.3d 154, 164 (3d Cir. 2000); <u>United States v. $55,518.05 in U.S. Currency</u>, 728 F.2d 192, 195 (3d Cir. 1984). If a review of the complaint demonstrates a

4

valid cause of action, the Court must then determine whether
plaintiff is entitled to default judgment.

    **C.   Analysis**

        **1.  Whether plaintiff has stated a cause of action**

In his second amended complaint, plaintiff pleads the
following claims against Kroesen:

          Count One – Assault and Battery

       9.   On April 10, 2010, Plaintiff was
participating as a player of the Jersey Shore
Sharks RFC in a rugby match against Old Gaelic
Rugby Football Club.

       10.  At the aforesaid time and place, Defendant
John A. Kroesen was also participating in the
aforesaid rugby football match as a player on the
Old Gaelic Football Club.

       11. During the course of the aforesaid rugby
football match, Plaintiff was tackled while
carrying the ball. As a result, Plaintiff was
dispossessed of the ball, which came loose, and
play continued at a different location on the
field.

       12. During the ensuing "ruck," or pileup caused
when Plaintiff was tackled, Plaintiff became
entangled on the ground with an opposing player
identified as Chris Daito.

       13. Despite the fact that play had continued at a
different location on the field after Plaintiff
was dispossessed on the ball, Defendant John A.
Kroesen ran towards Plaintiff and kicked
Plaintiff in the face with his cleated shoe while
Plaintiff was on the ground.

       14. The aforesaid kick to Plaintiff's face

committed by John A. Kroesen was not the kind of conduct expected to occur during the course of play of an ordinary rugby match.

15. Defendant John A. Kroesen kicked Plaintiff in the face recklessly and/or intentionally.

16. Defendant John A Kroesen committed a reckless and/or intentional physical assault and battery upon Plaintiff when he kicked Plaintiff in the face.

17. The aforesaid physical assault and battery were committed upon Plaintiff without his consent.

18. As a result of the kick to Plaintiff's face, Plaintiff suffered multiple injuries including (1) a closed head injury, (2) a left malar tripod fracture, (3) a nasal fracture, and (4) a left orbital floor blowout fracture.

19. On April 15, 2010, Plaintiff underwent surgery to correct the aforesaid fractures which included (1) an open reduction and internal fixation (OIRIF) through multiple approaches of a left malar tripod fracture with bone graft, (2) a reduction, orbital floor blowout fracture with insertion of titanium mesh, and (3) a closed reduction of nasal fracture.

20. As a result of the aforesaid physical assault and battery, Plaintiff suffered injuries requiring medical treatment, was caused pain and suffering, was prevented from pursuing usual activities; and has permanent disabilities that will affect Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant John A. Kroesen for compensatory damages, interest and cost of suit.

6

Count Two – Gross Negligence

21. Plaintiff repeats the allegations of the previous count as if same were set forth at length herein.

22. Given the physical nature of the sport of rugby, Defendant John A. Kroesen owed a duty of reasonable care to members of the opposing team, including Plaintiff, to (1) obey the commonly-accepted rules of safe play, (2) abstain from conduct not expected to occur during the course of play of an ordinary rugby match that needlessly endangers the safety of opposing players, and (3) abstain from conduct that needlessly harms or injures opposing players.

23. Defendant John A. Kroesen breached the aforesaid duty of care when he kicked Plaintiff, causing his cleated shoe to impact Plaintiff's face.

24. The aforesaid impact between Plaintiff and Defendant John A. Kroesen, as well as Plaintiff's resulting injuries, were proximately caused by the gross negligence or otherwise recklessness of Defendant John A. Kroesen.

25. As a result of the aforesaid physical impact, Plaintiff suffered injuries requiring medical treatment, was caused pain and suffering, was prevented from pursuing usual activities; and has permanent disabilities that will affect Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defend ant John A. Kroesen for compensatory damages, interest and cost of suit.

Count Three – Punitive Damages

26. Plaintiff repeats the allegations of the previous counts as if same were set forth at

7

length herein.

27. Defendant John A. Kroesen kicked Plaintiff in
the face with the intent to harm or otherwise
cause physical injury to Plaintiff.

28. Defendant John A. Kroesen kicked Plaintiff in
the face with an awareness or reckless disregard
of the likelihood that serious injury or harm
would result to Plaintiff.

29. At the time of the aforesaid kick, Defendant
John A. Kroesen acted maliciously or with a
wanton and willful disregard of the safety and
well being of the Plaintiff.

WHEREFORE Plaintiff demands judgment against
Defendant John A. Kroesen for punitive damages,
attorneys fees, interest and costs of suit.

(Second Amend. Compl., Docket No. 45.)

In order to determine whether plaintiff has stated a valid cause of action against Kroesen, these allegations must be accepted as true and applied to the standards for determining assault and battery and gross negligence claims.

A person is subject to liability for the common law tort of assault if: "(a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) the other is thereby put in such imminent apprehension." Leang v. Jersey City Bd. of Educ., 969 A.2d 1097, 1117 (N.J. 2009) (citation omitted).  The tort of battery rests upon a

nonconsensual touching.  Id. (citation omitted).

In order to prove that a person acted negligently, the plaintiff must establish: (1) a duty of care owed to the plaintiff by the defendant; (2) that defendant breached that duty of care; and (3) that plaintiff's injury was proximately caused by defendant's breach.  Boos v. Nichtberger, 2013 WL 5566694, *4 (N.J. Super. App. Div. Oct. 10, 2013) (citing Endre v. Arnold, 300 N.J. Super. 136, 142 (App. Div. 1997)).

With regard to a claim of gross negligence, "the difference between 'gross' and 'ordinary' negligence is one of degree rather than of quality."  Fernicola v. Pheasant Run at Barnegat, 2010 WL 2794074, *2 (N.J. Super. Ct. App. Div. 2010) (quoting Oliver v. Kantor, 122 N.J.L. 528, 532 (Sup. Ct. 1939), aff'd o.b., 124 N.J.L. 131 (E. & A. 1940)).  "Gross negligence refers to behavior which constitutes indifference to consequences."  Griffin v. Bayshore Medical Center, 2011 WL 2349423, *5 (N.J. Super. Ct. App. Div. 2011) (citing Banks v. Korman Assocs., 218 N.J. Super. 370, 373 (App. Div. 1987)).

Based on the facts pleaded in the second amended complaint, plaintiff has stated valid claims for assault and battery and for gross negligence on which the Court can enter judgment in plaintiff's favor.  Plaintiff's complaint reveals that Kroesen

kicked plaintiff in the face with his cleated shoe while plaintiff was lying on the ground, Kroesen's contact was intentionally perpetrated, non-consensual, and beyond the bounds of typical rugby play, and plaintiff was severely injured. Accepted as true, these claims state a valid cause of action for assault and battery against Kroesen.

Plaintiff's complaint also states a valid claim for gross negligence.[2] Plaintiff claims that due to the physical nature of the sport of rugby, Kroesen owed a duty of reasonable care to members of the opposing team, including plaintiff, to (1) obey the commonly accepted rules of safe play, (2) abstain from conduct not expected to occur during the course of play of an ordinary rugby match that needlessly endangers the safety of opposing players, and (3) abstain from conduct that needlessly harms or injures opposing players. Kroesen indifferently disregarded these three duties of care when he kicked plaintiff in the face with his cleats while plaintiff was on the ground. Thus, plaintiff has stated a claim against Kroesen for gross negligence.

---

[2] The finding that Kroesen is liable to plaintiff for the intentional tort of assault and battery essentially subsumes plaintiff's gross negligence claim.

### 2.   Whether plaintiff is entitled to a default judgment

Now that is has been determined that plaintiff has stated two viable causes of action for assault and battery and gross negligence, it must be determined whether plaintiff is entitled to a default judgment.  As stated above, prior to entering judgment on the counts where a valid cause of action has been established, three factors must be considered: (1) prejudice to the plaintiff if default judgment is not granted; (2) whether the defendant has a meritorious defense; and (3) whether the defendant's delay was the result of culpable misconduct. Chamberlain, 210 F.3d at 164.

### a.   Prejudice to plaintiff

Plaintiff will be prejudiced absent a default judgment because Kroesen's failure to respond to plaintiff's claims leaves plaintiff with no other means to vindicate his claims against Kroesen.

### b.   Existence of meritorious defense

"A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 869-70 (3d Cir. 1984); accord $55,518.05 in U.S. Currency, 728

F.2d at 195; <u>Feliciano</u>, 691 F.2d at 657; <u>Farnese v. Bagnasco</u>, 687 F.2d 761, 764 (3d Cir. 1982).  Here, it is axiomatic that the Court cannot consider defendant's defenses because defendant has failed to respond to this action.  <u>See</u> <u>Prudential Ins. Co. of America v. Taylor</u>, No. 08-2108, 2009 WL 536403, at *1 (D.N.J. 2009) ("[B]ecause Ms. Ducker has not answered or otherwise appeared in this action, the Court was unable to ascertain whether she has any litigable defenses.").

### c. Whether defendant's delay is the result of culpable conduct

Defendant's delay appears to be the result of culpable conduct.  "Culpable conduct is dilatory behavior that is willful or in bad faith."  <u>Gross v. Stereo Component Sys., Inc.</u>, 700 F.2d 120, 123 (3d Cir. 1983).  Plaintiff served Kroesen with his original complaint on November 18, 2010, and plaintiff served Kroesen with his second amended complaint on January 13, 2015.[3] A properly served defendant has an obligation to defend himself against a plaintiff's claims, or he must expect that a judgment may be entered against him.  Here, this sentiment is amplified because Kroesen has been served twice and has refused to respond

---

[3] It also appears from the process server's notes that Kroesen made various attempts to evade service of process.  (See Docket Nos. 46, 48.)

to plaintiff's claims for more than four years.

Consequently, because the Court has found that plaintiff shall be prejudiced if default judgment is not granted, Kroesen does not have a meritorious defense, and Kroesen's failure to appear in this case is the result of his culpable misconduct, judgment shall be entered in plaintiff's favor on his assault and battery and gross negligence claims.

### 3. Damages

In order to determine what damages plaintiff is entitled to for his judgment against Kroesen, the Court may "conduct hearings or make referrals - preserving any federal statutory right to a jury trial - when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." Fed. R. Civ. P. 55(b)(2); cf. Fed. R. Civ. P. 55(b)(1) ("If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk - on the plaintiff's request, with an affidavit showing the amount due - must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person."); Jonestown Bank and Trust Co. v. Automated Teller Mach., Services, Inc., 2012 WL 6043624, *4 (M.D. Pa. 2012) (citing 10 James Wm. Moore, et al., Moore's Federal Practice § 55.32[2][c] (Matthew Bender

ed. 2010) ("[T]he 'hearing' may be one in which the court asks
the parties to submit affidavits and other materials from which
the court can decide the issue.")).

To support his motion for default judgment, plaintiff has
made a demand for compensatory damages in the amount of $375,000
and punitive damages in the amount of $125,000.  Plaintiff has
provided medical records, medical bills, and photographs to
support his request for damages.

The Court finds that plaintiff's documents provided in
support of default judgment demonstrate that he is entitled to
compensatory damages for his injuries.  It is clear that
plaintiff endured significant pain and suffering as a result of
being kicked in the face, including the need for surgical repair
of significant facial fractures resulting in bone grafts and the
use of plates and screws.  Plaintiff also suffered from a minor
concussion, he continues to experience numbness, and he has
permanent scarring.  Plaintiff, however, does not provide any
support, through case law, affidavits, or otherwise, for his
specific demand of $375,000.

Aside from a $20,000 medical bill lien, it appears that
plaintiff's demand for damages is to compensate him for pain and
suffering.  Although the Court can make a subjective guess as to
plaintiff's pain and suffering based on the photographs and

medical records, making a "subjective guess" is not the standard
for determining an award of damages.  See Caldwell v. Haynes, 643
A.2d 564, 574 (N.J. 1994) (citations omitted) ("Assigning a
monetary value to pain-and-suffering compensation is difficult
because that kind of harm is not gauged by any established
graduated scale.  . . .  The law abhors damages based on mere
speculation."); Executive Alliance v. Quality Asset Recovery,
LLC, 2015 WL 1931555, *1 (N.J. Super. App. Div. 2015) (citations
omitted) ("An award of damages must be calculated with reasonable
certainty and should not be based upon 'mere speculation.'
Precision in such calculations is not essential.  The trial
record need only provide a sufficient foundation which will
enable the trier of facts to make a fair and reasonable
estimate.").  Because the Court cannot quantify a damages award
to properly compensate plaintiff for his injuries without any
justification for those damages other than plaintiff's counsel's
statement that $375,000 is "fair and reasonable,"[4] plaintiff shall
be afforded an opportunity to submit sufficient evidence to
support his claim for damages.[5]

---

[4] Plaintiff provides evidence that his health insurer maintains a
medical lien in the amount of $20,627.06.  Plaintiff is entitled
to a judgment in at least that amount.

[5] In plaintiff's prior motion for default judgment, plaintiff did
not provide any specific demand for compensatory damages, and he
did not provide any documentation for the Court to consider in

With regard to plaintiff's request for punitive damages, the Court is similarly constrained from making a determination as to the amount, if any, of punitive damages that should be awarded to plaintiff.  The issue of punitive damages must be assessed in the context of plaintiff's renewed request for damages, but the Court notes two points as to whether plaintiff can ultimately be awarded punitive damages against Kroesen:  First, even if plaintiff provides sufficient support for his claim for compensatory damages, punitive damages cannot be awarded simply on the basis of the pleadings; they must instead be established at an evidentiary hearing held pursuant to Fed. R. Civ. P. 55(b)(2) because they clearly are not liquidated or computable. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1152 (3d Cir. 1990). Second, the circumstances of plaintiff's injuries, although now determined to be a result of Kroesen's intentional conduct, occurred during a rugby match where aggressive physical contact is the inherent part of the sport, including permissible "rucks," which precipitated the incident in this case.  To the extent the circumstances of Kroesen's battery of plaintiff in this case differs from assaults that occur in other settings, Plaintiff should be prepared to demonstrate why punitive damages are appropriate in this context and how the requested amount relates

_____

assessing the proper award for damages.

to the requested compensatory damages.  See <u>Cochetti v. Desmond</u>, 572 F.2d 102, 106 (3d Cir. 1978) (explaining that punitive damages are a limited remedy and must be reserved for "cases in which the defendant's conduct amounts to something more than a bare violation justifying compensatory damages").

<u>**CONCLUSION**</u>

Consequently, for the reasons expressed above, plaintiff's motion for default judgment against defendant John A. Kroesen will be granted as to plaintiff's assault and battery claim and gross negligence claim.  Plaintiff is directed to submit additional support for his damages award consistent with the direction in this Opinion.

An appropriate Order will be entered.


Date: August 18, 2015                    s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.